**FRIEND et al. v. GRANAT BROS.**

**GRANAT BROS. v. FRIEND et al.**

**BROWN et al. v. GRANAT BROS.**

**GRANAT BROS. v. BROWN et al.**

**Nos. 12407, 12408.**

United States Court of Appeals
Ninth Circuit.

Oct. 25, 1950.

James M. Naylor and Naylor & Lessagne, all of San Francisco, Cal. (John Vaughan Groner, and Fish, Richardson & Neave, all of New York City, of counsel), for Feature Ring Co. et al.

Mellin, Hanscom & Hursh, Oscar A. Mellin, LeRoy Hanscom and Jack E. Hursh, all of San Francisco, Cal., for Granat Bros

Before HEALY, BONE, and POPE, Circuit Judges.

PER CURIAM.

Appellant Granat Bros. has for a number of years advertised and marketed at wholesale and retail a wedding and engagement ring ensemble for which it has registered and used the trade-mark "Wed-Lok." In use its rings are mechanically locked or fastened together. Claiming infringement and unfair competition, it brought suit to enjoin Samuel H. Friend and others from using the trade-mark "Feature Lock" in the advertising and sale at retail of similar wedding and engagement ring ensembles purchased from Feature Ring Co., Inc. The latter, which is in the business of manufacturing and selling at wholesale interlocking ring mountings under the Feature Lock trade-mark, intervened as a defendant and filed a counterclaim alleging harrassment by Granat Bros. of Feature's customers and potential customers by unwarranted claims of infringement.

Upon the trial the court found that the Wed-Lok trade-mark is not primarily descriptive, as asserted by Feature, but is used in a suggestive or figurative sense, and is a valid mark. It found, on the other hand, that the words Feature Lock are sufficiently distinct from Granat Bros.' mark as to preclude likelihood that the Feature Ring Co.'s product will be passed off as those of Granat, and further, that the evidence failed to show confusion in the minds of customers; hence that neither infringement nor unfair competition had been established. In respect of the counterclaim interposed by Feature Ring Co., it found that the notices of infringement sent out by Granat to the customers of the former were sent in good faith, and that since suit was seasonably brought by Granat, no sufficient grounds existed for Feature's counterclaim.

Both sides have appealed. We see no reversible error in the findings or decision below, and the judgment is accordingly affirmed.